NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**INTELLECTUAL VENTURES I LLC, INTELLECTUAL VENTURES II LLC,**
*Plaintiffs-Appellants*

**v.**

**SYMANTEC CORP., VERITAS TECHNOLOGIES LLC,**
*Defendants-Cross-Appellants*

———————————

2017-1814, 2017-1858

———————————

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-00440-LPS, Chief Judge Leonard P. Stark.

———————————

Decided: March 15, 2018

———————————

JOHN PIERRE LAHAD, Susman Godfrey LLP, Houston, TX, argued for plaintiffs-appellants. Also represented by RICHARD W. HESS; PARKER C. FOLSE, III, DANIEL J. SHIH, Seattle, WA.

GABRIEL BELL, Latham & Watkins LLP, Washington, DC, argued for defendants-cross-appellants. Also repre-

sented by ROBERT J. GAJARSA; LISA K. NGUYEN, Menlo Park, CA.

————————————

Before O'MALLEY, SCHALL, and WALLACH, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Intellectual Ventures I LLC and Intellectual Ventures II LLC (together, "IV") appeal from (1) the district court's grant of summary judgment of patent ineligibility under 35 U.S.C § 101 of claims 25 and 33 of U.S. Patent No. 5,537,533 ("the '533 patent"); (2) the district court's grant of summary judgment of noninfringement of claims 25 and 33 of the '533 patent; (3) the district court's construction of "local persistent storage device" and "remote persistent storage device" in U.S. Patent No. 6,598,131 ("the '131 patent"), as the construction of these terms underlies the parties' stipulated judgment of noninfringement of the '131 patent; and (4) the district court's grant of Appellees Symantec Corporation and Veritas Technologies LLC's (together, "Symantec") motion to strike IV's amended infringement contentions for the '131 patent, because the doctrine of equivalents could not apply to the "persistent storage device" terms as the district court construed them. Symantec cross-appeals, conditionally, the district court's determination that the "substantially concurrent copy of data" limitation in the '533 patent and the "performed substantially concurrently" limitation in the '131 patent are not indefinite. *See Intellectual Ventures I LLC v. Symantec Corp.*, No. 13-cv-440, 2016 WL 948879 (D. Del. Mar. 10, 2016) (*Claim Construction Order*); *Intellectual Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601 (D. Del. 2017) (*Summary Judgment Order*).

After fully reviewing and considering the patents at issue and the parties' arguments, we conclude the district court did not err in finding claims 25 and 33 of the '533

patent ineligible under 35 U.S.C. § 101. The district court correctly found that the claims were directed to the abstract idea of backing up data, and that the claim limitations lacked an inventive concept as they invoke conventional computer components that do not function in combination in an inventive manner. *Summary Judgment Order*, at 607–09 (citing '533 patent, col. 5, ll. 28–29, *id.* col. 5, ll. 34–35, *id.* col. 6, ll. 60–61, *id.* col. 11, ll. 12–13).[1]

The district court also did not err in granting summary judgment of noninfringement as to claims 25 and 33

---

[1]   Our recent decision in *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) does not compel a different conclusion. IV filed a notice of supplemental authority arguing that *Berkheimer* compels reversal and remand of the district court's judgment because "there is a genuine issue of material fact as to whether the '533 claims improve remote data mirroring in 'an inventive manner' or perform 'well-understood, routine, and conventional activities to a skilled artisan.'" Citation of Suppl. Authority at 2, *Intellectual Ventures I LLC v. Symantec Corp.*, No. 17-1814 (Fed. Cir. Mar. 1, 2018), ECF No. 79 (quoting *Berkheimer*, 881 F.3d at 1370). But, as the district court explained in detail, "the claims invoke conventional computer components that do not supply an inventive concept," and "[t]he specification confirms that the individual components . . . are conventional, generic, and operate as expected." *Summary Judgment Order*, at 608 (citations omitted). Moreover, the district court found that IV failed to offer evidence to show that the order of the steps was unconventional. *Id.* IV also acknowledged at oral argument that it did not offer expert testimony to show the lack of conventionality of its components. Oral Argument at 23:26–45, http://oralarguments.cafc. uscourts.gov/default.aspx?fl=2017-1814.mp3.

of the '533 patent. IV advocated for the construction of "substantially concurrent" copy of data the district court adopted, which imputes a causal limitation to distinguish between delays designed into the system and delays for processing the data being copied. *Claim Construction Order*, at \*4. Under this construction, we agree with the district court that no reasonable juror could find that the accused VVR product copies a "substantially concurrent" copy of data to a data transfer unit from the primary network server, as the write to the SRL and the write to the remote servers are separated by a step deliberately designed into the process. *Summary Judgment Order*, at 610.[2]

The district court also did not err in its construction of "local persistent storage device" and "remote persistent storage device located remotely from the device" in the '131 patent. *Claim Construction Order*, at \*5–6. These constructions are drawn directly from the specification of the '131 patent, which provides that a "persistent storage device" is defined as "a physical device that is physically attached to a computer using a standard physical interface" and "contains a . . . permanent medium." '131 patent, col. 1, ll. 40–55. The specification also explains that "[t]he data image stored on the [remote persistent storage device] is referred to as the 'master data image' and the data image cached on the [local persistent storage

---

[2]    As we affirm the district court's grant of summary judgment of noninfringement as to the '533 patent and the challenged claim constructions in the '131 patent, we need not reach Symantec's alternative argument that the judgment of noninfringement can be affirmed by adopting its construction of "data transfer unit," which requires that the data transfer unit be physically separate from the primary and remote network servers.

device] is referred to as the 'local data image' or 'cached data image.'" *Id.* col. 3, ll. 54–57.

IV has not preserved an appeal of its motion to strike its amended infringement contentions. The parties stipulated to noninfringement of "the '131 patent, either literally or under the Doctrine of Equivalents, under the Court's construction of 'local persistent storage device' and 'remote persistent storage device.'" J.A. 3112. The only conditional aspect of this stipulated judgment is the construction of the "local persistent storage device" and "remote persistent storage device" terms. As we affirm these constructions, we may not reach IV's challenge to the district court's grant of the motion to strike.[3]

We have considered IV's other arguments and find them without merit. For the foregoing reasons, and for those expressed in more detail in the district court's thorough and carefully considered orders, we affirm the district court's judgment.

### AFFIRMED

COSTS

No costs.

---

[3] Because we affirm the district court's judgments on summary judgment of noninfringement of the asserted claims of the '533 patent and the construction of the persistent storage device terms that underlies the stipulated judgment of noninfringement of the '131 patent, we also need not reach Symantec's conditional cross-appeal on indefiniteness.